UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Theresa Robinson, Individually and as Personal Representatives of the Estate of Stephen M. Robinson, Deceased,<br><br>Plaintiffs.<br><br>VS.<br><br>KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION and HOOK—SUPERX, L.L.C. d/b/a CVS PHARMACY,<br><br>Defendants. | Case no: 1:10-CV-00541-WTL-DML |

## AMENDED COMPLAINT FOR DAMAGES FOLLOWING REMOVAL FROM STATE COURT

COME NOW, PLAINTIFFS, Theresa Robinson, Individually and as Personal Representative of the Estate of Stephen M. Robinson, Deceased, (hereinafter "Plaintiffs") and for their cause of action against Defendants, KV Pharmaceutical Company. (hereinafter "KV"), Ethex Corporation, (hereinafter "Ethex"), and Hook-SuperX, L.L.C. d/b/a CVS Pharmacy (hereinafter "CVS") pursuant to S.D. Ind. L.R. 81.1 and for their cause of action against Defendants, state as follows:

**JURISDICTION**

Plaintiffs and decedent were and/or are citizens of the State of Indiana; Defendant KV is a Delaware corporation with its corporate headquarters located in St. Louis Missouri. Defendant Ethex is a corporation incorporated in and has its principal corporate offices in the State of Missouri. Defendant CVS is a limited liability company duly organized and existing under the laws of the

State of Delaware with its principal place of business (CVS Caremark Corporation) in Woonsocket, Rhode Island. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

### A.  PARTIES

1. Plaintiff, Theresa Robinson, is an Indiana citizen and resident of Marion County, Indiana. She is the surviving wife and duly appointed Personal Representative of the Estate of Stephen M. Robinson, Deceased; and she brings this action in both her individual and representative capacities.

2. Defendant KV is incorporated under the laws of the State of Delaware and represents that its corporate headquarters is located in St. Louis Missouri.

3. Defendant KV, with its wholly owned subsidiary Defendant Ethex, is engaged in the business of, *inter alia*, manufacturing, processing, packing, labeling, holding and distributing prescription and non-prescription medications.  Defendant KV regularly and systematically conducts business in Indiana, including Marion County, Indiana, and distributes drugs under the Ethex Corporation label.

4. Defendant, Ethex, a wholly owned subsidiary of Defendant KV, is incorporated under the laws of the State of Missouri, represents that its corporate headquarters is located in St. Louis Missouri, and regularly and systematically conducts business in Indiana, including Marion County, Indiana.

5. Defendant Ethex is engaged in the business*, inter alia*, of marketing and distributing medications, including medications manufactured by Defendant KV.

6. Defendant CVS is a corporation that operates retail pharmacies throughout various states, including Indiana.

7. Defendants KV and Ethex had a business relationship or relationships with the Defendant CVS, such that CVS purchased from Defendants KV and/or Ethex certain prescription medications, including Morphine Sulfate ER, and then Defendant CVS packaged, bottled, dispenses, marketed and sold such prescription medication to members of the consuming public, such as the decedent Stephen M. Robinson.

## B.  RELEVENT FACTS

8. Stephen M. Robinson was under the care and treatment of a duly licensed medical doctor who had prescribed Morphine Sulfate ER (Extended Release) tablets for Mr. Robinson, in a specifically prescribed dosage, due to Mr. Robinson's symptoms of chronic pain.

9. On or about March 16, 2008, Mr. Robinson had his prescription for Morphine Sulfate ER 30 mg filled at Defendant CVS's pharmacy #6548.

10. Shortly thereafter, before Mr. Robinson began taking said prescription filled at Defendant CVS's pharmacy, when he and Plaintiff Teresa Robinson noticed that said medication was different than the Morphine Sulfate ER 30 mg. he had previously taken, they contacted Defendant CVS. At that time Defendant CVS informed the Robinson's that they had a new supplier of said prescription medication, and it was O.K. to take said prescription medication.

11. Based upon the foregoing, Mr. Robinson took the prescribed medication until his untimely death on April 1, 2008.

12. In or about June of 2008, Mrs. Robinson received the **"URGENT DRUG RECALL INFORMATION"** informing the then deceased Mr. Robinson that his tablets *may be* (and may have been) oversized and to contact her physician; if oversized, the ER tablets would have included *more* than the acceptable dosage for Mr. Robinson.

13. Mr. Robinson took his prescription of Morphine Sulfate tablets as prescribed which he purchased and received from and which were dispensed by Defendant CVS, and which tablets had been, *inter alia*, compounded, manufactured, distributed, supplied or otherwise placed into the stream of commerce by Defendants Ethex and KV.

## COUNT I

Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1-13 and further allege as follows:

14. The Morphine Sulfate Defendants, *inter alia*, manufactured and/or placed into the stream of commerce, which reached and was consumed by Mr. Robinson, resulting in his death, was defective and unreasonably dangerous.

15. As a direct and proximate result of the foregoing, Steven M. Robinson died, and is survived by his wife, Teresa Robinson, who was dependent upon him for support, society and companionship and has been damaged as a result of Mr. Robinson's death.

WHEREFORE, Plaintiffs, by Counsel, demand judgment against the Defendants in an amount to be determined herein that exceeds the sum specified by 28 U.S.C. § 1332, for the costs of this action, and for all other relief the court deems just and proper in the premises.

## COUNT II

Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1-15 and further allege as follows:

16. Defendants knew, or through the exercise of reasonable care should have known, that some of the products they were, inter alia, manufacturing and/or selling into the stream of commerce were defective and adulterated in that that dosage contained in the prescription pills was a dosage in excess of the dosage prescribed by the physician, or the dosage required and regulated

4

by the facilities and/or entities that regulate the Defendants' conduct/products. Additionally, Defendants failed and/or refused to take appropriate steps to inspect said medications and assure that such defective medications were not dispensed to the consuming public. All Defendants are liable to Plaintiff pursuant to theories of, *inter alia*, negligence.

17. As a direct and proximate result of the foregoing, Steven M. Robinson died, and is survived by his wife, Teresa Robinson, who was dependent upon him for support, society and companionship and has been damaged as a result of Mr. Robinson's death.

WHEREFORE, Plaintiffs, by Counsel, demand judgment against the Defendants in an amount to be determined herein that exceeds the sum specified by 28 U.S.C. § 1332, for the costs of this action, and for all other relief the court deems just and proper in the premises.

### **COUNT III**

Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1-17 and further allege as follows:

18. Defendants KV, Ethex and CVS acted recklessly and/or in conscious disregard for the safety of the consuming public, in regard to , *inter alia*, their design, manufacturing, compounding, testing, monitoring, marketing, distribution, and quality control with respect to morphine sulfate medication, including but not limited to those tablets taken by Mr. Robinson. Defendants consciously disregarded a substantial and unjustifiable risk to members of the consuming public, including but not limited to Mr. Robinson, in that they had specific knowledge of their quality control deficiencies for a period of many months, yet consciously and recklessly failed to timely correct their quality control practices such that the medications would be consistent with their represented strength and with good manufacturing practices and requirements and such that they would be safe for members of the consuming public. Defendants consciously failed to establish

procedures and practices designed to eliminate or at least substantially reduce the risk of manufacturing and distributing to the public potentially potent medications with active ingredients far in excess of the prescribed or represented dosage, thus placing members of the public, such as Mr. Robinson, at substantial risk of injury or death.  The conduct of Defendants constituted a gross deviation from the accepted or reasonable standard of care and was such as to warrant an imposition of punitive damages.

    WHEREFORE, Plaintiffs, by Counsel, demand judgment against the Defendants in an amount calculated to punish such reckless conduct and to deter any such future conduct, in an amount to be determined herein that exceeds the sum specified by 28 U.S.C. § 1332, for the costs of this action, and for all other relief the court deems just and proper in the premises.

    Respectfully submitted,

    THE OSBORNE LAW FIRM

    _/s/ Brett E. Osborne_____
    Brett E. Osborne
    Attorney No: 17492-45
    7202 N. Shadeland Avenue, Suite 207
    Indianapolis, Indiana 46250
    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of may 2010, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's ECF.  Parties access this filing through the Court's system.

Sally Franklin Zweig (KV, ETHEX and Hook)    szweig@katzkorin.com
KATZ & KORIN

Linda L. Vitone (KV, ETHEX and Hook)    lvitone@katzkorin.com
KATZ & KORIN

Margaret Donahue Hall (KV, ETHEX and Hook)    pdhall@sonnenschein.com
Sonnenschein Nath & Rosenthal LLP

Stacy Jordan Rodriguez (KV, ETHEX and Hook)    sjrodriguez@sonnenschein.com
Sonnenschein Nath & Rosenthal LLP

Christopher W. Reynolds (KV, ETHEX and Hook)    creynolds@sonnenschein.com
Sonnenschein Nath & Rosenthal LLP

Brett E. Osborne (Robinson)    osbornelawfirm@juno.com
THE OSBORNE LAW FIRM

        __/s/ Brett E. Osborne__
        Brett E. Osborne
        #17492-45
        7202 N. Shadeland Avenue, Suite 207
        Indianapolis, Indiana 46250
        Attorneys for Plaintiffs